Elaine M. Seid, SBN 72588
MCPHARLIN, SPRINKLES & THOMAS LLP
Ten Almaden Blvd., Ste. 1460
San Jose, CA 95113
Telephone: (408) 293-1900

Helena K. Kobrin, SBN 152546
MOXON & KOBRIN
3055 Wilshire Blvd., Ste. 900
Los Angeles, CA 90010
Telephone: (213) 487-4468

Samuel D. Rosen, Esq.
75 East 55th Street, 12th Floor
New York, New York 10022-3205
Telephone: (212) 318-6020

Attorneys for Creditor
RELIGIOUS TECHNOLOGY CENTER

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re H. KEITH HENSON,<br><br>Debtor. | ________ No. ____________<br><br>BKR. CASE NO.: 98-51326-ASW-7<br>(Chapter 7) |
| Religious Technology Center,<br><br>Plaintiff,<br><br>v.<br><br>V. Arel Lucas, an individual, as wife of the Debtor; Carol Wu, as Chapter 7 Trustee,<br><br>Defendant. | ADV. NO. 03-5131<br><br>**NOTICE OF PENDENCY OF OTHER CASE OR PROCEEDING**<br><br>[Related to Case Nos.:<br>CV-96-20271 RMW;<br>C01-20493 RMW;<br>C02-03201 RMW;<br>C03-4978 RMW;<br>U.S.D.C. N.D. Cal.] |

Pursuant to Local Rule 3-13 of the United States District Court for the Northern District of California, Religious Technology Center ("RTC"), creditor in the above captioned bankruptcy case ("Bankruptcy Case"), hereby gives notice of the pendency of another case or proceeding.

RTC is concurrently filing a Motion for Leave to Appeal Order Denying Motion to Compel Defendant's Deposition. The named parties in this bankruptcy adversary proceeding are creditor Religious Technology Center, the debtor's wife, V. Arel Lucas, and the chapter 7 trustee. The Motion for Leave to Appeal arise from an extraordinary ruling by the Bankruptcy Court on a discovery matter. The bankruptcy case and this adversary proceeding are a related subject matter to: (1) a motion to withdraw the reference and alternative motion for writ of mandamus, filed in the debtor's bankruptcy case on May 25, 2001, and assigned Case No. C01-20493 RMW in the District Court; (2) another motion to withdraw the reference, filed in the debtor's bankruptcy case on June 24, 2002, and assigned Case No. C02-03201 RMW in the District Court; (3) a pending motion for leave to appeal, filed in the debtor's bankruptcy case on October 30, 2003, and assigned Case No. C03-4978 in the District Court; and (4) the copyright action, *Religious Technology Center v. Henson*, Case No. CV-96-20271-RMW (N.D.Cal.), the judgment in which the debtor herein seeks to discharge in this bankruptcy proceeding. Each of these matters was assigned to the Honorable Ronald M. Whyte.

Dated: January 21, 2005

Respectfully submitted,

McPHARLIN, SPRINKLES & THOMAS, LLP

/s/ Elaine Seid
By: Elaine M. Seid

Attorneys for Creditor
RELIGIOUS TECHNOLOGY CENTER

Elaine M. Seid, SBN 72588
MCPHARLIN, SPRINKLES & THOMAS LLP
Ten Almaden Blvd., Ste. 1460
San Jose, CA 95113
Telephone: (408) 293-1900

Helena K. Kobrin, SBN 152546
MOXON & KOBRIN
3055 Wilshire Blvd., Ste. 900
Los Angeles, CA 90010
Telephone: (213) 487-4468

Samuel D. Rosen, Esq.
75 East 55th Street, 12th Floor
New York, New York 10022-3205
Telephone: (212) 318-6020

Attorneys for Creditor
RELIGIOUS TECHNOLOGY CENTER

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re H. KEITH HENSON,<br><br>Debtor.<br>_______________________ | ) ________ No. ____________<br>)<br>) BKR. CASE NO.: 98-51326-ASW-7<br>) (Chapter 7) |
| Religious Technology Center,<br><br>Plaintiff,<br><br>v.<br><br>V. Arel Lucas, an individual, as wife of the Debtor; Carol Wu, as Chapter 7 Trustee,<br><br>Defendant.<br>_______________________ | ) ADV. NO. 03-5131<br>)<br>)<br>)<br>) |

**CREDITOR RELIGIOUS TECHNOLOGY CENTER'S MOTION FOR LEAVE TO APPEAL ORDER DENYING MOTION TO COMPEL DEFENDANT'S DEPOSITION**

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

Debtor H. Keith Henson filed a bankruptcy petition under chapter 13 of the Bankruptcy Code in 1998. In February 2003, the Bankruptcy Court ordered the case converted to one under chapter 7. The debtor, who has been living in Canada as a fugitive since May 2001following a conviction for a hate crime in Riverside County, failed to appear two times for his section 341 meeting of creditors in the converted case. As a result, RTC moved to dismiss the case, and upon denial of its motion, moved for leave to appeal that ruling on October 30, 2003. That motion remains pending before the District Court.

This adversary proceeding was brought in the chapter 7 case and addresses RTC's dispute with the debtor's wife concerning whether her half ownership of the real property ("Property") previously owned by defendant and debtor was truly a joint ownership or was, instead, community property. The Property has been sold by the chapter 7 trustee, who is holding the proceeds subject to all previously existing interests[1] and to resolution of such issues.

RTC noticed the deposition of the defendant, but she would not appear, and despite this, then moved for summary judgment. RTC therefore moved to compel her deposition. The Bankruptcy Court found that: (1) the discovery was relevant; (2) RTC had not addressed the same issues in prior discovery; (3) the central issue was intent of the parties related to the ownership designation on their deed; and (4) intent is a credibility issue. Nevertheless, the Bankruptcy Court denied the motion to compel. Instead, it ruled that RTC could have the deposition on condition that it pay for defendant's transportation to and subsistence in California, and when RTC's attorney questioned that, reversed itself and limited RTC to interrogatories. Such a take-home examination, responded to by defendant's attorney, cannot possibly provide any help to RTC or the Court in determining the credibility issues

---

[1] Those interests include RTC's judgment lien, defendant's ownership interest, and debtor's homestead claim.

surrounding intent, nor can the carefully attorney-crafted responses provide real assistance in getting to the bottom of the intent issue.

**Facts**

Debtor's bankruptcy was filed in 1998 and proceeded as a chapter 13 until it was converted to chapter 7 on February 7, 2003. Following conversion, RTC filed this adversary proceeding against the debtor's wife, V. Arel Lucas, challenging her claim to half of the sale proceeds as a joint tenant.

On April 17, 2003, RTC served a deposition notice on defendant via her then attorney, Howard Hibbard. (E.R. 2, Exhibit 1 to Declaration of Elaine M. Seid.) Mr. Hibbard served an "Objection to Deposition of Arel Lucas" (*Id.*, Ex. 2), but neither requested nor obtained a protective order to prevent the deposition from going forward. (E.R. 2, ¶ 3.) In fact, prior to the scheduled deposition date, counsel for RTC confirmed with Mr. Hibbard that his client would not be appearing. (E.R. 3, Declaration of Helena K. Kobrin, Ex. A.)

Thereafter, RTC asked Ms. Lucas's new attorney, Wayne Silver, to produce her for deposition pursuant to its earlier notice. (*Id.* ¶ 3.) He refused. (*Id.*)

RTC filed a motion to compel which was heard on November 9, 2004. The Bankruptcy Court made numerous findings that RTC was entitled to the discovery. First, it found that RTC had made the showing required by Rule 56(f) for permitting discovery during the pendency of a motion for summary judgment.[2]

The Bankruptcy Court then found that RTC was seeking the discovery because the parties' conduct with respect to the Property could show "an intent to hold it and treat it as community property, despite the fact that the deed says joint, and despite the existence of the pre-nuptial, which arguably also is somewhat at odds with some of their post-marital conduct, such as pooling assets and liabilities." (E.R. 4 at 20-21.)

---

[2] Defendant's summary judgment motion was pending for the same date as RTC's motion to compel. RTC also asserted, in its opposition to summary judgment, that discovery was needed under Rule 56(f). (E.R. 4, at 20.)

The Bankruptcy Court ruled that:

(1) "Intent is a legitimate area of discovery" (*Id.* at 21);

(2) Defendant did not "deny that the discovery during the Chapter 13 case did not address this issue, nor does she deny that there was no reason to address this issue when that discovery was taken," considering that "the Chapter 13 Plan didn't call for the property to be sold or otherwise raise the issue of whether it was held in joint tenancy or as community property" (*Id.*); and

(3) "[T]he subject is clearly relevant because the issue of intent can be dispositive." (*Id.* at 22.)

Even with respect to the form of discovery, *i.e.*, the deposition that RTC was moving to compel versus the written interrogatories that defendant proposed in her opposition if any discovery were permitted, the Bankruptcy Court made the finding that "[a]s for interrogatories versus a deposition, RTC is correct that written discovery may not be the equivalent of a deposition where credibility is an issue." (E.R. 4 at 22.) The Bankruptcy Court then ruled that it would probably be sufficient to propound interrogatories "tailored to the limited issue of intent . . . [a]nd then if Lucas's responses to the interrogatories make additional questions necessary, RTC could take further leave." (*Id.* at 23.) Notwithstanding this ruling, the Bankruptcy Court then admitted that "this is a very close question for me, because intent is a factual issue and intent was not the subject of the prior deposition. So I will allow, if RTC insists on a deposition, despite what I've said, if RTC wants to take a deposition of Ms. Lucas, I will allow it." (*Id.*) The Bankruptcy Court imposed a significant condition on taking the deposition – RTC had to pay Ms. Lucas's expenses to travel from Canada to San Jose, including costs in San Jose, despite that until recently, she lived in northern California, but went to Canada to be with her husband, who remains a fugitive. (*Id.*)[3]

RTC's attorney informed the Bankruptcy Court that RTC would exercise its option and

---

[3] RTC had offered to take the deposition in New York so Lucas would have a shorter travel distance, but she did not accept and the Court did not address that point. (E.R. 4 & 5.)

take the deposition. (*Id.* at 32.) However, because RTC's attorney also posed a single question as to the authority for ordering one party to pay for the travel expenses of another party, the Bankruptcy Court withdrew its ruling that a deposition could be taken and said that RTC could only propound interrogatories. (*Id.* at 31-33.) The reversal of its own ruling, in response solely to the question by an attorney as to the legal precedent on which the ruling was based,was solely for punitive reasons, *i.e.*, to punish the attorney for exercising his First Amendment right to ask a question.

**Argument**

"The district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. §158(a). Bankr. R. 8001 provides that an appeal by leave from an interlocutory bankruptcy order is taken by filing a notice of appeal, "accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 . . . ." Rule 8003(b), in turn, states that a notice of appeal and motion for leave to appeal are to be transmitted by the clerk of the Bankruptcy Court to the clerk of the District Court.

Thus, District Courts have jurisdiction under 28 U.S.C. § 158(a) and (b) to "grant leave to hear appeals from interlocutory orders." *In re Ryther*, 799 F.2d 1412, 1414 (9th Cir. 1986); *In re City of Desert Hot Springs*, 339 F.3d 782, 787 (9th Cir. 2003).[4]

In determining whether to grant leave to appeal, courts in the Ninth Circuit look to 28 U.S.C. § 1292(b). It is appropriate to grant leave "if the order involves a controlling question of law where there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the

---

[4] The law concerning the jurisdiction of the Courts of Appeals to entertain appeals from district court appellate orders in bankruptcy cases is different and should not be confused with the authority of the District Courts under section 158(a) and (b). *See City of Desert Hot Springs, supra*, at 787-788.

ultimate termination of the litigation." *Kashani v. Fulton* (*In re Kashani*), 190 B.R. 875, 882 (9th Cir. BAP 1995); *accord In re Profit*, 283 B.R. 567, 573 (9th Cir. BAP 2002).

The Ninth Circuit has found appropriate an intermediate appeals court's acceptance of an interlocutory appeal of a discovery order. *Belo Broadcasting v. Rubin*, 693 F.2d 73, 75-76 (9th Cir. 1982); *see also In re Comer*, 716 F.2d 168, 172 (3d Cir. 1983)("a purely interlocutory order of the bankruptcy court, such as a discovery order, might be entertained by the district court as an interlocutory appeal, 'by leave' of that court . . ."); *Matter of International Horizons*, 689 F.2d 996, 1000 (11th Cir. 1982)(approving district court's exercise of jurisdiction over an appeal of a bankruptcy court's interlocutory discovery order); *In re Orange Boat Sales*, 239 B.R. 471, 474 (S.D.N.Y. 1999)(adopting flexible approach to determination of whether to accept motion for leave to appeal discovery order and granting leave).

Here, the Bankruptcy Court's own words reflect "a substantial ground for difference of opinion" – the Bankruptcy Court frankly acknowledged that its decision was a "close question for me, because intent is a factual issue and intent was not the subject of the prior deposition." (Ex. 4, at 23.) Having thus found that: (1) RTC had made a sufficient showing under Rule 56(f) that it needed discovery to respond to the summary judgment; (2) the discovery was relevant; (3) the issue in question had not been addressed in prior discovery; (4) written discovery may not be the equivalent of a deposition where credibility is an issue; and (5) "the issue of intent can be dispositive," the Bankruptcy Court erred as to a disputed and controlling question of law in denying the motion to compel. It also deprived RTC of its right to cross-examine defendant's testimony. *See Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 561-562 (7th Cir. 1984)("Cross-examination is a fundamental right that a court should abridge only to curb abuse."); *see also, The Ottawa*, 70 U.S. 268, 271 (1865).

In fact, the Court's original ruling – that RTC could take the deposition if it wished – recognized that RTC should be given the opportunity to do so, even though the Court was not certain it was needed. It was only as punishment against an attorney for exercising his First

Amendment right of asking a question of the Bankruptcy Court that the Bankruptcy Court changed its ruling and denied the motion to compel, refusing to permit a deposition to be taken. Resolving this issue now will advance judicial economy because it will allow the parties to proceed on the correct basis and avoid a later appeal of what the Bankruptcy Court recognized as an important issue. It will also avoid unfairly requiring RTC to respond to a summary judgment motion that *defendant brought* and then refused to be deposed on its subject matter. To fulfill the Bankruptcy Court's ruling that RTC needed Rule 56(f) discovery to oppose summary judgment the deposition needs to be permitted.

Furthermore, it is the antithesis of judicial economy to suggest, as the Bankruptcy Court did, that RTC should proceed on the basis of a "bad impression" of defendant's credibility ***generally*** and not have the ability to present evidence on whether defendant is providing truthful testimony with respect to her intent, which is an issue the Bankruptcy Court explicitly found her prior testimony did not address. In fact, it can be predicted that if RTC were to argue only defendant's general and prior lack of credibility as a reason not to believe current oral testimony, much less interrogatory responses, the Bankruptcy Court would respond that RTC had not made its showing as to a lack of credibility of the more recent responses related to intent, and this would then have to be addressed on appeal.

**Conclusion**

For the foregoing reasons, RTC's motion for leave to appeal should be granted and the Court should set a briefing schedule.

Dated: January 21, 2005

Respectfully submitted,

McPHARLIN, SPRINKLES & THOMAS, LLP

/s/ Elaine M. Seid

Elaine M. Seid

Attorneys for Creditor
RELIGIOUS TECHNOLOGY CENTER