*<u>E-FILED - 4/6/06</u>*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re KEITH HENSON,<br><br>  Debtor.<br>_____<br>Religious Technology Center,<br><br>  Plaintiff,<br>v.<br>V. Arel Lucas et al,.<br><br>  Defendants. | Case No.: C-05-00417 RMW<br><br>Bankruptcy Case No: 98-51326 ASW-7<br><br>ORDER DENYING MOTION FOR LEAVE TO APPEAL |

Pending before this court is the Amended Motion of Creditor Religious Technology Center ("RTC") for Leave to Appeal Order Denying Motion to Compel Defendant's Deposition. The order was made by the bankruptcy court on or about November 9, 2004(signed January 18, 2005) and denied RTC's motion to compel Arel Lucas's deposition. The bankruptcy court ruled that RTC would first have to try and accomplish its discovery needs by interrogatories. (E.R. 31-33).

The district court has jurisdiction under 28 U.S.C. § 158(a) to "grant leave to hear appeals from interlocutory orders." *In re Ryther*, 799 F.2d 1412, 1414 (9th Cir. 1986). Section 158(a), however,

> does not indicate the standard a district court should use in determining whether to grant leave to appeal. Nonetheless, the vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders. This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation.

ORDER DENYING MOTION FOR LEAVE TO APPEAL
C-05-00417 RMW

*Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991).  The standards are not met here.

The bankruptcy court denied the motion to compel but did not rule out a later deposition. "You can first do interrogatories and then if you need a deposition, you'll move to compel." Tr. 11/9/04 at 33:1-3.  The court appears to have balanced what it considered a marginal need for a deposition against the expense involved for the individual defendant.

RTC has not shown that it will necessarily suffer prejudice by the bankruptcy court's order. RTC may get answers to interrogatories that support its position.  It may obtain responses that show interrogatories are not satisfactory and a deposition is needed.  Leave to appeal at this time and before RTC has undertaken the discovery (50 interrogatories) allowed by the bankruptcy court and before a final decision on whether a deposition will be compelled, would only add a step to the litigation.  The bankruptcy court has substantial discretion on how it controls discovery.  Leave under the current circumstances of this case would unnecessarily interfere with the bankruptcy court's discovery decisions and would not advance the ultimate termination of the litigation.

The court hereby exercises its discretion and denies the Motion for Leave to Appeal.  The Clerk may close the above referenced district court file.

DATED:   3/31/06

/s/ Ronald M. Whyte
RONALD M. WHYTE
United States District Judge

Copy of Order E-Filed to:

**Elaine M. Seid**

**Helena K. Kobrin**

**Wayne A. Silver**

Copy of Order Mailed to:

**Samuel D. Rosen**
Paul Hastings Janofsky & Walker LLP
75 East 55th Street
New York, NY 10022-3206

**Judith S. Suelzle**
Law Offices of Judith S. Suelzle
P.O. Box 3984
Los Altos, CA 94024-0984

**USBC Manager-San Jose**
US Bankruptcy Court
280 South First Street
Room 3035
San Jose, CA 95113

**Arthur S. Weissbrodt**
U.S. Bankruptcy Court
280 South First Street
Room 3035
San Jose, CA 95113

**Office of the U.S. Trustee/SJ**
U.S. Federal Bld.
280 S 1st St. #268
San Jose, CA 95113-3004

Dated: 4/6/06                                             /s/ JG
                                                          Chamber of Judge Whyte

ORDER DENYING MOTION FOR LEAVE TO APPEAL
C-05-00417 RMW                              3